UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-62473-PMB |
| | ) | |
| ASCENSION AIR MANAGEMENT, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| S. GREGORY HAYS, Trustee for the | ) | |
| Estate of Ascension Air Management, Inc., | ) | |
| | ) | |
| Movant, | ) | CONTESTED MATTER |
| | ) | |
| V. | ) | |
| | ) | |
| AERO SPECIALTY FINANCE, LLC and | ) | |
| CARROLTON BANK, its Assignee, DARRELL | ) | |
| MAYS, DEKALB COUNTY TAX | ) | |
| COMMISSIONER, and ASCENSION AIR | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MOTION FOR AN ORDER (I) AUTHORIZING (A) THE SALE AT PUBLIC AUCTION OF PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF ALL LIENS, INTERESTS, AND ENCUMBRANCES AND (B) THE DISBURSEMENT OF CERTAIN PROCEEDS AT CLOSING AND (II) APPROVING THE SETTLEMENT BETWEEN TRUSTEE AND AERO SPECIALTY FINANCE, LLC**

COMES NOW S. Gregory Hays, as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Bankruptcy Estate**") of Ascension Air Management, Inc. (the "**Debtor**") and files this *Motion for an Order (I) Authorizing (A) Sale at Public Auction of Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) the Disbursement of Certain Proceeds at Closing and (II) Approving the Settlement Between Trustee and Aero Specialty Finance, LLC* (the "**Motion**"), pursuant to 11 U.S.C. §§ 363(b) and (f) and Fed. R. Bankr. P. 2002(a)(2),

6004(a), 6004(c), 9014, and 9019, other than in the ordinary course of business, and respectfully shows the Court as follows:

### Jurisdiction

1. This Court has jurisdiction to hear this Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Sale Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. Debtor filed a voluntary petition constituting an order for relief under Chapter 7 on February 10, 2020 (the "**Petition Date**"), initiating Case No. 20-62473-PMB (the "**Bankruptcy Case**").

3. On or about the Petition Date, Trustee was appointed to the Bankruptcy Case as interim Chapter 7 trustee under 11 U.S.C. § 701(a)(1).

4. The original meeting of creditors was scheduled for March 17, 2020, in accordance with 11 U.S.C. § 341(a) (the "**Meeting of Creditors**") but was rescheduled due to the pandemic to be held telephonically on April 21, 2020. Trustee conducted and concluded on the Meeting of Creditors on April 21, 2020, and thereafter, Trustee became the permanent Chapter 7 trustee, under 11 U.S.C. § 702(d).

5. At the commencement of the Bankruptcy Case, the Bankruptcy Estate was created under 11 U.S.C. § 541(a), and the Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7).

6. Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

7. The duties of Trustee include his obligation to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1).

8. Trustee filed his *Application to Appoint Attorneys for Trustee* [Doc. No. 14] on March 26, 2020, requesting an order authorizing the appointment of Arnall Golden Gregory LLP as attorneys for Trustee, and on March 27, 2020, the Court entered an order [Doc. No. 17] approving this application.

### *a. The Airplane*

9. On its *Schedule A/B: Assets – Real and Personal Property* [Doc. No. 1 at page 8 of 27], Debtor scheduled its sole ownership interest in a Cirrus Design Corp SR22T, Serial No. 0636. Registration No. N928CS (the "**Airplane**").

### *b. Alleged Liens, Interests, and Encumbrances on or against the Property*

10. On its *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 1 at page 11 of 27], Debtor scheduled two claims secured by an interest in the Airplane: (1) in the amount of $474,742.81 in favor of Aero Specialty Finance LLC ("**Aero Specialty**"); and (2) in the amount of $500,000.00 in favor of Darrell Mays. Based on conversations with counsel for Mr. Mays, he does not claim an interest in the Airplane, despite Debtor's schedules indicating that he has an interest in it.

### The Proposed Settlement
### Between Trustee and Aero Specialty

11. Following negotiations, Trustee and Aero Specialty (the "**Parties**") reached a settlement agreement (the "**Settlement**") related to its claim in and to the Airplane. Subject to Bankruptcy Court approval, Aero Specialty shall consent to Trustee's selling of the Airplane at

public auction free and clear of all liens, claims, and encumbrances under 11 U.S.C. §§ 363(b) and (f), following appropriate authority from the Bankruptcy Court, the Bankruptcy Estate shall have a carve-out from Aero Specialty's security interest in the Airplane in the amount of $30,000.00 (the "**Estate Carve-Out**").  For avoidance of any doubt, it is the intent of the Parties that (a) the Estate Carve-Out shall be funded solely from the cash proceeds recovered from the sale of the Airplane by the Trustee, and (b) upon the order approving the Settlement and Estate Carve-Out becoming final and following any sale of the Airplane by Trustee, the Trustee shall be entitled to distribute the liquidated Estate Carve-Out in accordance with 11 U.S.C. § 726.  For further avoidance of doubt, the Estate Carve-Out shall be free and clear of any and all liens, claims, interests, and encumbrances. Finally, the extent that the distribution of sale proceeds to Aero Specialty, as described below, do not fully satisfy the debt secured by Aero Specialty's lien against the Airplane, the Aero Specialty shall have an allowed general unsecured claim for the resulting deficiency.

12.     Trustee obtained a full title examination report of the Airplane dated January 15, 2020 (the "**Title Report**"), which confirms Aero Specialty's security interest in the Airplane.  The Title Report reflects no other liens, interests or encumbrances on or against the Airplane, with the exception of any outstanding *ad valorem* property tax owing DeKalb County Tax Commissioner ("**DeKalb County**").

**Request for Authority to Sell the Property of the Bankruptcy Estate
Free and Clear of All Liens, Interests, and Encumbrances
Pursuant to 11 U.S.C. §§ 363(b) and (f)**

13.     Trustee filed *Trustee's Application to Employ Auctioneer* [Doc. No. 44] on October 28, 2020 (the "**Auctioneer Application**"), and the Court entered an *Order* [Doc. No. 45] on October 30, 2020, authorizing the employment of Bullseye Auction & Appraisal, LLC

("**Bullseye**") as Trustee's auctioneer to conduct a sale of the Airplane by public auction, for a five percent (5%) commission of the gross sale price, plus reimbursement by the Bankruptcy for any actual out-of-pocket expenses up to $500.00.

14. Trustee proposes to sell the Airplane through a public auction conducted by Bullesye to the highest and best bidder. The auction is expected to occur within thirty (30) to sixty (60) days after of this Court's order approving this Motion.

15. Trustee seeks authority from the Court to sell the Airplane "as is," free and clear of all liens, interests, and encumbrances as provided by 11 U.S.C. § 363(f). The proposed sale of the Airplane is not in the ordinary course of business, as provided by 11 U.S.C. § 363(b). Trustee reserves the right to establish a minimum reserve sale price.

## Legal Analysis

### *a. The Proposed Settlement*

16. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
>> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[1]

17. The proposed Settlement between the Parties of the Estate Carve-Out is the product of arms-length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

18. By virtue of the proposed Settlement, the Trustee believes that he will be able to make a meaningful distribution to creditors by administering an asset that, absent the Settlement, Trustee would likely have abandoned.

19. In sum, the proposed Settlement will allow Trustee to create the $30,000.00 Carve-Out and ultimately create more equity in the Airplane, both of which will inure to the benefit of the Bankruptcy Estate.

20. Under the standard set forth above and for the reasons previously detailed in this Motion, Trustee requests that this Court approve the Settlement.

### *b. The Proposed Sale*

21. Section 363 of the Bankruptcy Code authorizes a trustee "after notice and a hearing . . . [to] use, sell, or lease, other than in the ordinary course of business, property of the estate . . .

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

." 11 U.S.C. § 363(b)(1). Section 105 of the Bankruptcy Code grants this Court the authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

22. Courts generally require that the decision to use, sell, or lease assets outside the ordinary course of business be based upon the sound business judgment of the trustee. *See In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992); *Stephens Indus v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986) ("bankruptcy court can authorize a sale of all a Chapter 11 debtor's assets under §363(b)(1) when a sound business purpose dictates such action"); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983). Courts have made it clear that a trustee's showing of a sound business justification need not be unduly exhaustive but, rather, a trustee is "simply required to justify the proposed disposition with sound business reason." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984

23. In turn, Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under 11 U.S.C. § 363(b) free and clear of any interest in such property if, among other things, the price at which the property is to be sold is greater than the aggregate of the liens on such property or with respect to interests that are in dispute. 11 U.S.C. § 363(f). Specifically, that code section provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   (4) such interest is in bona fide dispute; or

   (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*Id.*

24. The proposed sale of the Airplane is one not in the ordinary course of business, as provided by 11 U.S.C. § 363(b). As set out below, Trustee can, under 11 U.S.C. § 363(f), sell the Airplane free and clear of all liens, claims, and encumbrances with any lien (to the extent valid, perfected, enforceable, and unavoidable) attaching to the proceeds of the sale with the same priority and extent as they had in the Property.

25. In this regard, based on the Title Report, with the exception of the security interest of Aero Specialty and any outstanding *ad valorem* property taxes owing DeKalb County, Trustee does not believe that there are any valid and enforceable liens or encumbrances against the Airplane. Pursuant to the proposed Settlement, Aero Specialty consents to Trustee's sale of the Airplane, satisfying 11 U.S.C. § 363(f)(2).

26. Moreover, because the proposed sale will result in $30,000.00 coming into the estate as a result of the proposed Settlement with Aero Specialty, the proposed sale is justified by a sound business reason and Trustee's business judgment in this regard is well grounded.

27. Therefore, Trustee respectfully requests authority from the Court to sell the Airplane by public auction as provided by 11 U.S.C. §§ 363(b) and (f).

### Request for Authority to Disburse Certain Proceeds at Closing

28. Trustee moves for authority to have all gross sale proceeds paid to him at closing and for authority to have paid at closing (a) all outstanding *ad valorem* property taxes (none anticipated), (b) the Bankruptcy Estate's 2021 pro-ration of *ad valorem* property taxes; (c) any capital gains taxes (none anticipated); (d) all other customary closing costs and all other costs

necessary to close the sale of the Property, (e) the Estate Carve-Out to Trustee on behalf of the Bankruptcy Estate, and (f) the remainder of the proceeds to Aero Specialty on its payoff, less the five percent (5%) commission of the sale price and reimbursement of out-of-pocket expenses owing Bullseye, subject to Bankruptcy Court approval.  All other distributions will be pursuant to further order of this Court.

29. To the extent that funds are disbursed at closing by a party other than Trustee, such party shall be treated as Trustee's designated and authorized agent for disbursements.

### Other Relief Requested

30. In addition, Trustee expressly reserves and does not waive his right to surcharge the Airplane and the proceeds thereof, to the extent it secures an allowed secured claim, for reasonable, necessary costs of preserving or disposing of the Airplane to the extent of any benefit to the holders of such secured claims under 11 U.S.C. § 506(c).

31. Trustee requests that the Court waive the stay of the Order approving the proposed sale as authorized under Federal Rule of Bankruptcy Procedure 6004(h).

[INTENTIONALLY LEFT BLANK]

WHEREFORE, Trustee prays that the Court enter an order (a) granting the Motion; (b) approving the proposed Settlement; (c) authorizing Trustee (i) to sell the Airplane by public auction, and (ii) to disburse certain proceeds at closing; (d) waiving the fourteen (14)-day stay period pursuant to Rule 6004(h); and (e) granting such other and further relief as is just and proper.

Respectfully submitted this 11th day of January 2021.

ARNALL GOLDEN GREGORY, LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

171 17th Street, Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8500 / michael.bargar@agg.com

SGR/24021534.1

16058951v1

# **CERTIFICATE SERVICE**

This is to certify that I, Michael J. Bargar, am over the age of 18 and that on this day I have caused to be served a copy of the foregoing *Motion for an Order (I) Authorizing (A) Sale at Public Auction of Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) the Disbursement of Certain Proceeds at Closing and (II) Approving the Settlement Between Trustee and Aero Specialty Finance, LLC* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery, as indicated, to:

*Via First Class Mail*
Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

*Via First Class Mail*
S. Gregory Hays
Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

*Via First Class Mail and Electronic Mail*
Aerial Specialty Financial, LLC
c/o Brian P. Hall
Smith, Gambrell & Russell, LLP
Promenade, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, GA 30309
Email: BHALL@sgrlaw.com

*Via First Class Mail*
Scott Schwartz
Bullseye Auction & Appraisal, LLC
500 Pike Park Drive, Suite F
Lawrenceville, GA 30046

*Via First Class Mail*
Michael D. Roble
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084

*Via Certified and First Class Mail*
Irvin J. Johnson
DeKalb County Tax Commissioner
4380 Memorial Drive #100
Decatur, GA 30032

*Via First Class Mail*
Ascension Air Management, Inc.
2447 Field Way Drive
Atlanta, GA 30319

*Via First Class Mail*
John W. Mills, III
Taylor English Duma LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339

SGR/24021534.1

16058951v1

This 11th day of January, 2021.

                                                  */s/ Michael J. Bargar*
                                                  Michael J. Bargar
                                                  Georgia Bar No. 645709