UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| ASCENSION AIR MANAGEMENT INC, | : | CASE NO. 20-62473-PMB |
| | : | |
| Debtor. | : | |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF
COMPENSATION OF HAYS FINANCIAL CONSULTING, LLC, AS ACCOUNTANTS
TO THE CHAPTER 7 TRUSTEE**

    **COMES NOW** Hays Financial Consulting, LLC ("**HFC**" or "**Applicant**"), accountants to S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the above-styled case, and, pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016, files this first and final application ("**Application**") seeking final allowance of compensation in the amount of $2,130.00 and reimbursement of expenses in the amount of $28.42 for the period from March 29, 2021 through and including August 31, 2021 (the "**Application Period**"). In support hereof, Applicant shows as follows:

1.

    On February 10, 2020, Ascension Air Management Inc ("**Debtor**") filed a voluntarily petition under Chapter 7 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 20-62473-PMB.

2.

    Trustee conducted and concluded the meeting of creditors on April 21, 2020 pursuant to 11 U.S.C. § 341(a), after which time, Trustee became the permanent Chapter 7 trustee, under 11 U.S.C. § 702(d).

3.

On March 30, 2021, Trustee filed an Application to Employ Hays Financial Consulting, LLC as Accountants for the Trustee [Doc. No. 53]. On April 01, 2021, an Order approving the employment of HFC as Accountants to the Trustee was entered [Doc. No. 54].

4.

Pursuant to this Application, Applicant seeks final approval, allowance, and payment pursuant to §§ 330 and 331 of the Bankruptcy Code of compensation for services rendered as accountants for the Trustee incurred in connection therewith during the Application Period.

5.

For the period covered by this application, HFC devoted a total of not less than 7.1 hours in rendering services as accountants to the Trustee. Applicant has not previously been allowed or paid any compensation for the period covered by this application. Summaries of hours spent by subject area and by professional are attached as Exhibit "A".

6.

The services of the Applicant during the Application Period includes analysis of the bankruptcy estate sale of the aircraft, preparation of required sales tax returns including research of requirements of aircraft sales and possible exemption of taxes relating to same and the preparation of this Application.

7.

Applicant shows that all services were necessary to assist the Trustee in the proper and effective administration of the Debtor's estate and the exercise of the powers of the Trustee. Applicant shows that the fair and reasonable value of such services, and the costs of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $2,130.00, based

primarily on the normal hourly rates of providing such services and calculated using the "lodestar" calculation of reasonable hourly rates multiplied by the number of hours actually expended, as summarized on Exhibit "A". The time expended and services performed by HFC are duly itemized and set forth in Exhibit "B" attached hereto and by reference incorporated herein and made part of this Application.

8.

Applicant shows that all services for which compensation during this Application Period is requested have been actually provided to the Debtor and/or the Trustee, and to no other parties, and have been necessary for the proper and effective administration of this case and for the benefit of the Debtor's estate and its creditors.

9.

Applicant's employees have substantial experience and expertise in providing financial and accounting services in bankruptcy cases and to fiduciaries in such cases. Applicant's employee hourly rates are fair and reasonable and the same as the cost for such services other than in a bankruptcy case.

10.

The compensation requested is allowable pursuant to the twelve factor test (the "Johnson Factors") set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), as modified and made applicable to bankruptcy cases by the Eleventh Circuit Court of Appeals in Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990). The Johnson Factors and their applicability in these cases are as follows:

(a)    Time and Labor Required: HFC expended 7.1 hours in performing services as accountants to the Trustee during the Application Period. The billing rates of the various

professionals and other personnel who have performed services for the Committee are detailed in HFC's billing statements, which are attached hereto as Exhibit "A".

(b)    <u>Novelty and Difficulty of Questions Presented</u>:  The work performed by HFC has involved issues of varying complexity, as set forth in substantial detail in the billing statements attached to this Application.

(c)    <u>Skill Requisite to Perform Professional Services:</u>  The Trustee selected HFC as its accountants because HFC's professionals possess substantial expertise and experience in bankruptcy and related fields and are well-qualified to perform professional services.

(d)    <u>Preclusion of Other Employment Due to Acceptance of the Cases:</u> Professionals of HFC have devoted time and resources to these cases, to the possible preclusion of involvement in other matters.

(e)    <u>Customary Fees for the Type of Services Rendered</u>:  HFC believes that the fees requested and the hourly rates set forth herein are consistent fees typically charged for the type of services rendered in cases of this magnitude and complexity. The hourly rates charged by HFC in this Application are comparable to the rates that HFC would charge to a non-bankruptcy client for work of a similar nature and complexity.

(f)    <u>Whether the Fee is Fixed or Contingent</u>:  Pursuant to section 330(a) of the Bankruptcy Code, HFC's fee is subject to Court approval, and is primarily based upon hourly rates and does not involve any fixed or flat fees.  Compensation is "contingent" only in the sense that there are risks of non-allowance or non-payment.

(g)    <u>Time Limitations Imposed by the Client or Other Circumstances</u>:  Certain tax filing deadlines have been applicable herein.

(h)     The Amount Involved and Results Obtained:  HFC shows that the Trustee, with the assistance of all professionals involved, has achieved a successful result in this case.

(i)     The Experience, Reputation, and Ability of the Professional:  HFC has extensive experience in bankruptcy matters. Its reputation and ability are well known to the Court.

(j)     Undesirability of the Case:  This factor is inapplicable to the present Chapter 7 cases.

(k)     Nature and Length of Professional Relationship with the Client:  HFC was employed by the Trustee as his accountants in this bankruptcy case. Thus, the professional relationship is an ongoing one.

(l)     Awards in Similar Cases:  HFC is regularly awarded compensation in Chapter 7 and Chapter 11 cases on the same basis as requested herein.

11.

In connection with the provision of services as set forth herein above, Applicant has incurred expenses in the amount of $28.42. Expenses are summarized on **Exhibit "A"** and itemized on **Exhibit "C"** attached hereto and incorporated herein. Applicant seeks allowance of said expenses as reasonable and necessarily incurred.

12.

No agreement or understanding exists between HFC and any other person for the sharing of compensation to be received for services rendered in connection with this case.  All services for which compensation is requested were performed for the Trustee and the estate and not on behalf of any committee, creditor or any other person or persons.

13.

Based on the foregoing, Applicant seeks final allowance of $2,130.00 as compensation for the period covered by this Application. Applicant shows that compensation in such amount is reasonable compensation based on the nature, the extent, and the value of services rendered, the time spent to provide such services, and the cost of comparable services other than in a bankruptcy case.

14.

Attached hereto as Exhibit "D" is a Declaration of S. Gregory Hays, Managing Principal of Applicant, confirming the facts set out in the Application and exhibits hereto.

**WHEREFORE**, Applicant respectfully prays:

a.      That Applicant be allowed final compensation in the amount of $2,130.00 as and for the reasonable value of services rendered in connection with its retention as accountants for the Trustee for the Application Period;

b.      That Applicant be allowed the sum of $28.42 for the reimbursement of out-of-pocket expenses incurred in this case during the Application Period;

c.      that the Court authorize payment of amounts allowed as deemed appropriate and equitable by the Court from the fund available in the bankruptcy estate; and

d.      that the Court grant such other and further relief as may be just and proper.

Respectfully submitted, this 31st day of August, 2021.


     */s/ S. Gregory Hays*
       S. Gregory Hays

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW  Ste. 555
Atlanta, Georgia 30305
(404) 926-0060

# Exhibit A

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

**Ascension Air Management Inc.**
**Case # 20-62473-pmb**


**For the Period from   3/29/2021   to   8/31/2021**

September 1, 2021



Professional Services

|                                               | Hours  | Amount       |
|-----------------------------------------------|--------|--------------|
| Fee / Employment Applications & Objection     | 1.20   | 360.00       |
| Tax Issues                                    | 5.90   | 1,770.00     |
| **For professional services rendered**        | **7.10** | **$2,130.00** |

Additional Charges :

|                          |        |              |
|--------------------------|--------|--------------|
| Federal Express          |        | 16.83        |
| Postage                  |        | 11.59        |
| **Total costs**          |        | **$28.42**   |

|                                |        |              |
|--------------------------------|--------|--------------|
| **Total amount of this bill**  |        | **$2,158.42** |

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

**Ascension Air Management Inc.**
**Case # 20-62473-pmb**

**For the Period from    3/29/2021   to   8/31/2021**

September 1, 2021

Professional Services

|  | Hrs/Rate | Amount |
|---|---|---|
| James R. Jennings, CPA | 4.00 | 1,200.00 |
|  | 300.00/hr |  |
| Scott S. Askue | 3.10 | 930.00 |
|  | 300.00/hr |  |
| **For professional services rendered** | **7.10** | **$2,130.00** |

Additional Charges :

| | | |
|---|---|---|
| Federal Express | | 16.83 |
| Postage | | 11.59 |
| **Total costs** | | **$28.42** |
| | | |
| **Total amount of this bill** | | **$2,158.42** |

# Exhibit B

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

**Ascension Air Management Inc.**
**Case # 20-62473-pmb**

**For the Period from   3/29/2021   to   8/31/2021**

September 1, 2021

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| **Tax Issues** |  |  |  |  |
| 3/29/2021 | SSA | Researched tax issues with sale of aircraft. Reviewed for personal property taxes due. | 1.00 300.00/hr | 300.00 |
| 3/31/2021 | JRJ | Telephone conversation with Scott Askue regarding preparation of Dekalb County property tax returns for aircraft and sales tax return for sale of aircraft. | 0.20 300.00/hr | 60.00 |
| 4/1/2021 | SSA | Researched issues relating to personal property taxes and unfiled returns. | 0.50 300.00/hr | 150.00 |
| 4/8/2021 | JRJ | Prepared March 2021 Georgia sales tax return to report the sale of aircraft. | 1.40 300.00/hr | 420.00 |
|  | JRJ | Prepared 2021 Dekalb County Aircraft property  tax return to report the sale of aircraft. Reviewed all log book required attachments. Drafted letter to Dekalb County GA providing bankruptcy information and valuation. | 2.40 300.00/hr | 720.00 |
| 4/15/2021 | SSA | Researched nature of business of Debtor for possible personal property tax exemption. | 0.40 300.00/hr | 120.00 |
|  |  | Subtotal | 5.90 | 1,770.00 |
| **Fee / Employment Applications & Objection** |  |  |  |  |
| 8/31/2021 | SSA | Drafted final fee application and prepared exhibits to same. | 1.20 300.00/hr | 360.00 |
|  |  | Subtotal | 1.20 | 360.00 |
|  |  | **For professional services rendered** | **7.10** | **$2,130.00** |

# Exhibit C

**Hays Financial Consulting, LLC**

2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

**Ascension Air Management Inc.**

Case # 20-62473-pmb

September 1, 2021

| | | **Amount** |
|---|---|---|
| **Expenses** | | |
| 3/31/2021 | Postage | 1.53 |
| 5/6/2021 | FedEx | 16.83 |
| 5/31/2021 | Postage | 2.55 |
| | Postage | 7.00 |
| 6/30/2021 | Postage | 0.51 |
| | Subtotal | 28.42 |

# Exhibit "D"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| ASCENSION AIR MANAGEMENT INC, | : | CASE NO. 20-62473-PMB |
| | : | |
| Debtor. | : | |

## DECLARATION

I, S. Gregory Hays, declare under penalty of perjury that:

1. I am the Managing Principal at Hays Financial Consulting, LLC ("HFC") and have knowledge of the facts set forth herein.

2. The facts set out in the foregoing First and Final Application for Allowance of Compensation of Hays Financial Consulting, LLC as Accountants to the Chapter 7 Trustee and in the exhibits attached thereto are true and correct to the best of my knowledge, information and belief. Those facts are known to me personally and by business records of HFC, maintained in the ordinary course of business, including time and reimbursement records made by personnel at HFC.

　　　　　　　　　　　　　　　*/s/ S. Gregory Hays*
　　　　　　　　　　　　　　　S. Gregory Hays